RENDERED: MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0436-MR

COMMONWEALTH OF KENTUCKY          APPELLANT

v.      APPEAL FROM FAYETTE CIRCUIT COURT
     HONORABLE JULIE M. GOODMAN, JUDGE
     ACTION NO. 23-CR-00394

DOMONICK DEONTE JONES          APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE: The Commonwealth of Kentucky appeals the Fayette Circuit

Court's judgment, entered *nunc pro tunc*, sentencing Appellee Domonick Jones to

probation. Because the statute under which he pleaded guilty, KRS[1]

218A.1412(1)(d), disallows probation in his case, we vacate and remand.

---

[1] Kentucky Revised Statutes.

## BACKGROUND AND ANALYSIS

Trooper J. Gabriel conducted a traffic stop of Appellee Domonick Jones for operating his vehicle with expired registration. Because Trooper Gabriel smelled marijuana, he conducted a search of the vehicle and of Jones' person. The officer discovered in Jones' possession roughly seventy-five grams of fentanyl and eleven grams of cocaine.

Jones was indicted by a Fayette County Grand Jury on aggravated trafficking greater than or equal to twenty-eight grams of fentanyl, a Class B felony under KRS 218A.1412; first degree possession of cocaine under KRS 218A.1415; operating on a suspended/revoked operator's license under KRS 186.620(2); and no/expired registration plates under KRS 186.170.

The Commonwealth offered Jones a plea deal. The Commonwealth would recommend five years' imprisonment on an amended charge of Class C felony trafficking in fentanyl and dismiss the remaining charges. Additionally, the Commonwealth agreed to dismiss the charges pending against Jones in a separate trafficking case in Fayette District Court. Jones accepted and, on October 5, 2023, he pleaded guilty. The Circuit Judge overseeing the case at the time, Julie Goodman, suggested that Jones participate in Drug Court and Jones agreed. The Commonwealth did not object.

Upon receiving the referral for a Drug Court eligibility assessment, the Drug Court administrators asked the circuit court to continue Jones' sentencing as they needed more time to determine his eligibility. Jones was thereafter accepted for participation. On December 7, 2023, the circuit court orally sentenced Jones to five years' imprisonment to be probated for a period of two years to complete Drug Court. No written order was entered at that time.

The Commonwealth subsequently learned that Jones was ineligible for probation under the statute he was charged, KRS 218A.1412.[2] On December 18, 2023, the Commonwealth moved the circuit court to "resentence" Jones in accordance with the statute.

Instead of ruling on the motion, Judge Goodman called counsel to the bench and urged the parties to resolve the problem in such a way that Jones would be eligible for Drug Court. (VR 1/11/24 at 9:13:32). She then passed the case for a week to give the parties that opportunity. A week turned into a few months.

On March 8, 2024, the circuit court heard the Commonwealth's Motion to Resentence and Jones filed several *pro se* motions. Judge Goodman began the hearing by informing Jones that "everybody" had given him inaccurate information regarding his Drug Court eligibility. (VR 3/8/24 at 9:04:56). The

---

[2] The record is unclear regarding the manner in which the parties discovered Jones' sentence was illegal. It appears that the Drug Court judge informed them. (Video Record (VR) 3/8/24 at 9:10:11).

Commonwealth then informed Judge Goodman that Jones is a co-plaintiff in a lawsuit filed against Judge Goodman the previous month. Judge Goodman stated she would recuse. First, however, Judge Goodman asked whether the parties reached a resolution. The parties informed the court that a Final Judgment Sentence of Probation had not been entered into the record. Judge Goodman indicated she could enter a Final Judgment *nunc pro tunc*, although it would be "held to be void because I couldn't do it as a matter of law." (VR 3/8/24 at 9:08:40). Nevertheless, Judge Goodman informed the parties she would be entering the judgment *nunc pro tunc* "because that was before," then recuse, at which point the parties could "then take it from there." (VR 3/8/24 at 9:11:05).

On March 11, 2024, Fayette Circuit Judge VanMeter was appointed to succeed Judge Goodman in the case. On that same date, Judge Goodman entered a Final Judgment backdated to December 7, 2023. As Judge Goodman anticipated, the Commonwealth now appeals the judgment.

## ANALYSIS

Our jurisprudence has been clear in that "sentences falling outside the permissible sentencing range cannot stand uncorrected." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 700 (Ky. 2010). The imposition of a sentence outside the statutory parameters—an illegal sentence—is inherently an abuse of discretion. *Id.* at 701. This applies to the imposition of illegal probation: "The

force of *McClanahan*'s holding is not lessened by the fact that it was dealing with a hammer clause on a term of imprisonment that imposed a sentence of imprisonment beyond the statutory limits, whereas here we only have an illegal probation." *Commonwealth v. Moreland*, 681 S.W.3d 102, 107 (Ky. 2023). Jones' sentence was illegal.

Jones was charged under KRS 218A.1412 for "knowingly and unlawfully traffick[ing] . . . . Any quantity of heroin, fentanyl, carfentanil, or fentanyl derivatives[,]" which is a Class C felony for a first offense and a Class B felony for a second or subsequent offense. KRS 218A.1412(1)-(3). The statute continues:

> Any person convicted of a Class C felony offense or higher under this section **shall not be released on probation**, shock probation, parole, conditional discharge, or other form of early release **until he or she has served at least fifty percent (50%) of the sentence imposed in cases where the trafficked substance was heroin, fentanyl**, carfentanil, or fentanyl derivatives.

KRS 218A.1412(3)(d) (emphasis added).[3] Jones pleaded guilty to Class C trafficking in a controlled substance, making him ineligible for probation until he serves fifty percent of his sentence.

---

[3] When Jones pleaded guilty in October 2023, the statute was numbered KRS 218A.1412(3)(c). Today, it is KRS 218A.1412(3)(d) due to renumbering.

We agree with both parties, Judge Goodman, and Judge VanMeter[4] that this is an illegal sentence. The failure of multiple officers of the court to raise the illegality issue does not render the attempted probation lawful. There is nothing left for this Court to consider.

## **CONCLUSION**

For the foregoing reasons, the *nunc pro tunc* order entered March 11, 2024, but backdated by Judge Goodman three months earlier is vacated and this matter is remanded to the Fayette Circuit Court for further proceedings consistent with this Opinion including a proper sentencing hearing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Emily Holt Rhorer
Frankfort, Kentucky

---

[4] After filing a notice of appeal directly to this Court on April 8, 2024, Jones filed a Motion to Release on Probation with Electronic Monitoring in Fayette Circuit Court. The Commonwealth requested, in response, that the court grant its Motion to Resentence from December 2023. The court denied the request and noted its lack of jurisdiction because the issue was on appeal to this Court. In her order, however, she took note of the impermissibility of Jones' sentence: "The inescapable conclusion is that entry of the Final Judgment Sentence of Probation exceeds the court's authority and jurisdiction, rendering the Judgment illegal and void as to the excess portion, *i.e.*, the portion probating the sentence of five (5) years."